| 1 | **WO** | SC |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Joel Shapel Magnuson, | ) | No. CV 09-1523-PHX-MHM |
| --- | --- | --- |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Arizona State Hospital, | ) | |
| Defendant. | ) | |

Plaintiff Joel Shapel Magnuson, who is confined in the Arizona State Hospital (ASH) in Phoenix, Arizona, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 4.) Plaintiff indicated that he was a prisoner at the ASH, but neither the Complaint nor the Application were filed on the court-approved forms for use by "prisoners" under the Prison Litigation Reform Act (PLRA). Plaintiff subsequently filed a First Amended Complaint[1] and another Application to Proceed *In Forma Pauperis* but again failed to use the court-approved forms for prisoners. (Doc.# 8, 9.) In an Order filed on

---

[1] A properly-filed amended complaint supersedes a prior complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, any prior complaint is treated as nonexistent. Ferdik, 963 F.2d at 1262. Causes of action alleged in a prior complaint that are not re-alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

September 22, 2009, the Court denied Plaintiff's *in forma pauperis* application (doc.# 4) with leave to either pay the $350.00 filing fee or file an Application to Proceed *In Forma Pauperis* on the court-approved form for use by prisoners. (Doc.# 11.) The Court also ordered Plaintiff to clarify whether he was civilly committed or was committed in connection with criminal proceedings. (Id.) Plaintiff filed a reply to the Court's Order, an amended motion to appoint counsel, and an Application to Proceed *In Forma Pauperis* on the form to be used by prisoners.[2] (Doc.# 12, 13, and 15.) As discussed herein, the Court finds that Plaintiff is a "prisoner" within the meaning of the PLRA. Further, the Court finds that Plaintiff has at least three strikes under 28 U.S.C. § 1915(g) and does not allege an imminent risk of serious physical injury in his First Amended Complaint. Accordingly, this action will be dismissed and Plaintiff's pending motions denied.

**I.     Background[3]**

On April 15, 1998, Plaintiff was indicted in Maricopa County Superior Court, CR98-05307 for attempted second degree murder and aggravated assault arising out of an attack on April 6, 1998.[4] The State alleged two prior felony convictions for bank robbery and trespassing. The trial court ordered Plaintiff evaluated for competency. It eventually determined that he was not competent to stand trial and ordered him confined to the ASH for restoration of competency. Subsequently, the court issued a redetermination of competency and found Plaintiff competent to be tried. The court then ordered a determination regarding whether Plaintiff had been competent at the time of the offense. After a trial to the court on

---

[2] A previous motion to appoint counsel was denied. (Doc.# 11.)

[3] The following background is based upon review of the record in two habeas cases previously filed by Plaintiff, Magnuson v. Arizona Psychiatric Sec. Review Bd., No. CV07-0474-PHX-ROS, and Magnuson v. Ontiveros, No. CV06-03045-PHX-ROS. The Court hereafter refers to filings in those cases by their case and docket numbers.

[4] Petitioner apparently attempted to stab the victim in the eye. (See CV06-3045, doc.# 26 at 2, n.1.)

that issue, Plaintiff entered a plea of "guilty except insane" to the charges.[5] On December 2, 1999, the court committed Plaintiff to the ASH for a total of 10.5 years and subject to the jurisdiction of the Arizona Psychiatric Security Review Board. (CV07-0474, doc.# 54 at 1-2, 42 at 3.)[6]

On February 25, 2002, the Maricopa County grand jury indicted Plaintiff for aggravated assault and kidnaping arising out of an incident at the ASH in which he allegedly restrained a psychiatric nurse and threatened to stab her in the eye, case# CR2002-00376. (CV07-0474, doc.# 54 at 2; CV06-03045, doc.# 26 at 2.) After receiving Plaintiff's one-sentence notice that he wished to change his plea to guilty except insane, the trial court ordered a full evaluation of Plaintiff's competency to stand trial. On August 6, 2002, the court found Plaintiff incompetent to stand trial based on the evaluations and committed him to the ASH. Three months later, the parties stipulated to a redetermination of Plaintiff's competency based on an evaluation by Dr. June Stapleton and the trial court found Plaintiff competent to stand trial. On March 11, 2003, pursuant to a plea agreement, Plaintiff pleaded no contest to aggravated assault and the State dismissed the kidnaping charge, the formal allegation of prior felony convictions, and stipulated to a sentence no greater than the

---

[5] At the time Plaintiff was committed to the ASH in the 1998 case, Ariz. Rev. St. § 13-502(D) (1996) provided that:

> If the finder of fact finds the defendant guilty except insane, the court shall determine the presumptive sentence the defendant could have received pursuant to § 13-701, subsection C, § 13-703, subsection A or § 13-707 if he had not been found insane, and the judge shall commit the defendant pursuant to § 13-3994 for that term. . . .

That section was subsequently amended in relevant part to provide that the "judge shall sentence the defendant to a term of incarceration in the state department of corrections and shall order the defendant to be placed under the jurisdiction of the psychiatric security review board and committed to a state mental health facility under the department of health services pursuant to § 13-3994 for that term." Ariz. Rev. St. § 13-502(D) (2007)

[6] Plaintiff's habeas challenge to his commitment in CR98-05307 was dismissed for failure to exhaust available state court remedies. (See CV 07-00474, doc.# 55 adopting the Report and Recommendation, doc.# 54.)

presumptive term of 7.5 years in prison. On April 11, 2003, the trial court sentenced Plaintiff to a term of 7 years. On July 31, 2008, Plaintiff was released from confinement in the Arizona Department of Corrections for the sentence imposed in CR2002-00376 to commitment in the ASH for the balance of the term of imposed in CR98-05307. (See CV07-0474, doc.# 34 at 1, 37 at 1, 42 at 3.)

**II.     PLRA**

The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The "natural reading" of "prisoner" requires that "the individual in question must be currently detained as a result of accusation, conviction, or sentence for a criminal offense." Page v. Torrey, 201 F.3d 1136, 1139 (9th Cir. 2000). Thus, an individual who was civilly committed as a sexually violent predator under California's Sexually Violent Predator Act was not a "prisoner" within the meaning of the PLRA. Id.

Plaintiff's circumstances differ from those in Page and other cases involving civil commitment of sexually violent predators. Rather, as discussed above, Plaintiff is currently committed to the ASH "as a result of accusation, conviction or sentence for a criminal offense." Id. Accordingly, the Court finds that Plaintiff is a "prisoner" within the meaning of the PLRA

**III.    "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action **or** appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases which were dismissed before the effective date of § 1915(g), April 26, 1996, may be counted

as qualifying dismissals or "strikes." Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A prisoner barred from proceeding *in forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

**IV.  Prior Dismissals**

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. In addition, federal appellate courts have generally held that a district court's dismissal of an action as frivolous, and the appellate court's dismissal of an appeal therefrom as frivolous, each count as a strike. See Thompson v. DEA, Nos. 04-5450, 05-5082, 2007 WL 1814949 at *11 (D.C. Cir. June 26, 2007); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000); Jennings v. Natrona County Det. Ctr. Med. Fac., 175 F.3d 775, 780 (10th Cir. 1999); Adepegba, 103 F.3d at 387; see also Heistand v. United States, 114 Fed. Appx. 767 (8th Cir. 2004) (counting as two strikes the district court and the appellate dismissals for frivolousness); Lewis v. Angelone, 118 Fed. Appx. 767 (4th Cir. 2005) (same).

At least three of Plaintiff's prior actions have been dismissed by Arizona district courts as frivolous, malicious, or as failing to state a claim. See Magnuson v. Schriro, No. CV06-0431-PHX-ROS (D. Ariz. July 5, 2006); Magnuson v. Schriro, No. CV07-1697-PHX-ROS (D. Ariz. Jan. 2, 2008); Magnuson v. Schriro, No. CV07-1698-PHX-ROS (D. Ariz. May 5, 2008); Magnuson v. Arizona St. Psych. Sec. Review Bd., No. CV07-1976-PHX-ROS (D. Ariz. Feb. 12, 2008); Magnuson v. Napolitano, No. CV 08-0125-PHX-ROS (D. Ariz. June 26, 2008); Magnuson v. McCain, No. CV08-0368-PHX-ROS (D. Ariz. Apr. 4, 2008). Accordingly, Plaintiff has three strikes under § 1915(g).

///

## V. Failure to Allege Imminent Danger of Serious Physical Injury

If a plaintiff has three strikes, as Plaintiff does, he may bring a civil action without complete prepayment of the $350.00 filing fee only if he alleges that he is in *imminent* danger of serious physical injury. 28 U.S.C. § 1915(g). In his First Amended Complaint, Plaintiff alleges a claim for medical malpractice based upon the administration of medication for minor behavior issues and that the ASH has excessively medicated him. He alleges that the Maricopa County Superior Court ruled that he did not need to be forcibly medicated, but that after he was released, the doctors illegally took him to the ASH and started forcibly medicating him. (Doc.# 8.) Plaintiff has not alleged an imminent risk of serious physical harm. Accordingly, Plaintiff's First Amended Complaint and this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire filing fee when he files the action.

**IT IS ORDERED:**

(1) Plaintiff's applications to proceed *in forma pauperis* are **denied**. (Doc.# 9, 15.)

(2) Plaintiff's amended motion to appoint counsel is **denied** as moot. (Doc.# 13.)

(3) Plaintiff's First Amended Complaint (doc.# 8) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(4) The Clerk of Court must enter judgment accordingly.

DATED this 15th day of January, 2010.

Mary H. Murguia
United States District Judge